IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JANET JONES, | ) |
| Plaintiff, | ) |
| v. | ) No. 06-0044-CV-W-DW-SSA |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

**ORDER**

Plaintiff Janet Jones seeks judicial review of the decision of the Commissioner of Social Security Administration denying her application for benefits under Title II and Title XVI of the Social Security Act. On July 13, 2005, following a hearing, the administrative law judge[1] ("ALJ") found Plaintiff was not disabled under the Act. The Appeals Council of the Social Security Administration denied Plaintiff's request for review. As Plaintiff has exhausted all administrative remedies, judicial review is now appropriate. See 42 U.S.C. §§ 405(g), 1383(c)(3). After carefully considering the parties' arguments and the submitted record, the Court affirms the Commissioner's decision for the reasons set forth below.

**I.     STANDARD OF REVIEW**

The Court's review is limited to determining if the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. 42 U.S.C. §§ 405(g) and 1383(c)(3); Travis v. Apfel, 477 F.3d

---

[1] The Honorable George Gaffaney.

1037, 1040 (8th Cir. 2007). The review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision, the Court also takes into account whatever in the record fairly detracts from its weight. Singh v. Apfel, 222 F.3d 448, 451 (8th Cir. 2000). The Court does not resolve factual conflicts, however, and the ALJ's decision must be upheld if it is supported by substantial evidence. Harwood v. Apfel, 186 F.3d 1039, 1042 (8th Cir. 1999). Consequently, an administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997). Even if the Court would have weighed the evidence differently, it must affirm the denial of benefits if there is enough evidence to support either side. Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992).

## II.  DISCUSSION

The complete facts and arguments are presented in the parties' briefs, and consequently will be duplicated herein only to the extent necessary. Plaintiff raises two errors, specifically that the ALJ (1) improperly determined Plaintiff's residual functional capacity ("RFC"); and (2) improperly determined that Plaintiff could return to her past relevant work.

### A.  Residual Functional Capacity

In her brief, Plaintiff challenges the ALJ's RFC determination arguing that the ALJ did not apply the correct legal standard, did not consider whether she could perform work activity on a sustained basis, and failed to include the functional restrictions imposed by Plaintiff's mental impairments.

Residual functional capacity is the most an individual can still do after considering the effects of all her impairments on the ability to perform work related task and is based on all the

2

Case 4:06-cv-00044-DW   Document 11   Filed 08/29/07   Page 2 of 4

relevant evidence in the record. Goff v. Barnhart, 421 F.3d 785, 793 (8th Cir. 2005) (relevant evidence includes the medical records, observations of treating physicians and others, and an individual's own description of his limitations). After a careful review of the ALJ's written decision in this matter, the Court is unable to say that the correct legal standard was not applied. In assessing Plaintiff's RFC, the ALJ evaluated the credibility of Plaintiff's subjective complaints and weighed the medical opinions in the record consistently with binding Eighth Circuit case law and Social Security regulations and rulings. In applying the proper legal standards, the fact that the ALJ reached a conclusion unfavorable to Plaintiff does not equate to legal error.

In evaluating Plaintiff's limitations, contrary to Plaintiff's assertion, the ALJ recognized that Plaintiff suffers from certain mental impairments and determined that she "would require consideration for occasional interaction with the public." The ALJ also determined, however, that these impairments were not disabling and would not prevent her from performing past work. Substantial evidence supports this conclusion. In reaching this conclusion, the ALJ considered the medical evidence, observations of the various medical professionals, and Plaintiff's own subjective complaints. The Court finds that the ALJ sufficiently considered all the relevant evidence in the record and committed no error in determining Plaintiff's RFC.

B. Past Relevant Work

Plaintiff argues that the ALJ erred in failing to make detailed findings regarding the physical and mental demands of Plaintiff's prior relevant work citing Groeper v. Sullivan, 932 F.2d 1234, 1238 (8th Cir. 1991) (failure to fully investigate and make explicit findings as to the physical and mental demands of claimant's past relevant work requires reversal). Plaintiff's reliance on Groeper is misplaced. In Groeper, there was no vocational expert testimony

3

concerning the skill and exertional requirements of the claimant's past work. Here, unlike Groeper, the ALJ relied on the vocational expert's opinion concerning the functional demands of Plaintiff's particular past relevant jobs and that Plaintiff could perform her past relevant work. This is consistent with Social Security regulations and constitutes substantial evidence of the physical and mental demands of Plaintiff's prior relevant work. See Battles v. Sullivan, 902 F.2d 657, 659 (8th Cir. 1990) (if record contains substantial evidence that claimant can perform past work, failure to develop past work record in full detail does not require remand); 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2). Accordingly, the Court finds that the ALJ's determination that Plaintiff is able to perform the duties of her past relevant work is supported by substantial evidence on the record as a whole.

### III. CONCLUSION

For the foregoing reasons, the Court AFFIRMS the Commissioner's decision.


/s/ DEAN WHIPPLE

Dean Whipple

United States District Judge


Date: August 29, 2007.